UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY VICTOR COLEMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>T. ALLEN, et al.,<br><br>  Defendants. | Case No. 22-cv-04491-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at California State Prison – Los Angeles, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 regarding events at Salinas Valley State Prison, where he was previously housed. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
2  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
3  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
4  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
5  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a
7  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
8  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
9  U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names the following correctional officials as defendants: Warden Allen, Lt. Celaya, Chief Deputy Warden Binkele, Office of Appeals Chief M. Voong, appeals examiner captain H. Liu, CCII, and V. Lomeli. The complaint does not specify where these correctional officials work.

The complaint alleges that while Plaintiff was housed at Salinas Valley State Prison ("SVSP"), he was found guilty of 10 RVRs (disciplinary violations) with no proof of guilt and the guilty findings failed to recognize his mental health condition resulting from paruresis (shy bladder syndrome). The guilty findings resulted in a loss of various privileges. The complaint alleges that these guilty findings violated Plaintiff's rights under the Americans with Disabilities Act, the *Coleman* case, the Eighth Amendment, and state regulations. The complaint does not specify the subject of the RVRs, but according to the grievances attached as exhibits to the complaint, in or around 2017, Plaintiff was issued RVRs for refusing to provide urine samples. In these grievances, Plaintiff challenged the RVRs on the grounds that his paruresis prevents him from providing urine samples and the CDCR has no authorization to collect urine samples. The complaint seeks monetary damages. *See generally* Dkt. No. 1.

The complaint will be dismissed with leave to amend for the following reasons.

First, the complaint is vague and conclusory. The complaint does not explain why the RVRs were issued or how the guilty finding violated any of the cited federal or state laws and

regulations. The Court cannot guess at causes of actions from exhibits.

Second, the complaint does not link any defendant directly to any alleged constitutional violation. It is unclear how each defendant caused, or is linked to, the alleged constitutional violation.

Third, Plaintiff appears to have named as defendants individuals who reviewed his grievances. A prison official's participation in the grievance process generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does not cause or contribute to constitutional violation). A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Fourth, to the extent that Plaintiff has named Warden Allen and Chief Deputy Warden Binkele as defendants because they are supervisors, Plaintiff is cautioned that there is no supervisory liability under Section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only responsible for his or her own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that (1) the supervisor(s) proximately caused the deprivation of rights of which Plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); or (2) the supervisor(s) failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F. 2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from a custom or policy for which each of the supervisor(s) was or were responsible, *see id.*; or (4) the supervisor(s) knew of the alleged misconduct and failed to act to prevent future misconduct, *Taylor*, 880 F.2d at 1045. A formulaic recitation of the elements of supervisory

liability fails to state a claim under Section 1983.

Fifth, there is no liability under Section 1983 for violating state law or prison policy. *See Owe v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.") (internal quotation marks and citation omitted); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (no liability under Section 1983 for violating prison policy).

Sixth, it is unclear if Plaintiff was denied any services because of his alleged disability. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In order to state a claim under Title II of the ADA, the plaintiff must allege that the denial of services was because of his or her disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

The complaint is DISMISSED with leave to amend because it appears that Plaintiff could remedy the above-identified deficiencies. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by the allegation of other facts). In preparing an amended complaint, Plaintiff should identify what constitutional or federal right was violated, and identify by name the individual that violated that right. Plaintiff need not provide a lengthy statement, but should provide sufficient detail to give the defendant fair notice of the legal claim. For example, Plaintiff could identify by name the individual that violated his constitutional rights, specify the date and time of the violation, and describe briefly what happened that violated his constitutional rights. Plaintiff should not refer to the defendants as a group, i.e. "Defendants."

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and

1 civil case number used in this order, Case No. C 22-04491 HSG (PR) and the words "AMENDED
2 COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the
3 questions on the form in order for the action to proceed.  An amended complaint completely
4 replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir.
5 2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to
6 present and all of the defendants he wishes to sue, and may not incorporate material from the prior
7 complaint by reference.  Failure to file an amended complaint in accordance with this order in the
8 time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk
9 shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 10/13/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge