1
2
3
4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    RODNEY VICTOR COLEMAN,                Case No.  22-cv-04491-HSG

8                    Plaintiff,            **ORDER OF DISMISSAL**

9            v.

10   T. ALLEN, et al.,

11                   Defendants.

12

13          Plaintiff, an inmate at California State Prison – Los Angeles, has filed a *pro se* action

14   pursuant to 42 U.S.C. § 1983.  His amended complaint (Dkt. No. 15) is now before the Court for

15   review under 28 U.S.C. § 1915A.

16                                  **DISCUSSION**

17   **A.      Standard of Review**

18          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

19   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

20   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

21   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

22   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

23   (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

24   989, 993 (9th Cir. 2020).

25          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

27   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

28   grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

United States District Court
Northern District of California

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2   the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4   cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

5   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a

6   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7   violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

8   U.S. 42, 48 (1988).

9   **B.     Procedural History**

10          The initial complaint named as defendants Warden Allen, Lt. Celaya, Chief Deputy

11   Warden Binkele, Office of Appeals Chief M. Voong, appeals examiner captain H. Liu, CCII, and

12   V. Lomeli, but did not specify where these correctional officials worked.  The initial complaint

13   alleged that while Plaintiff was housed at Salinas Valley State Prison ("SVSP"), he was found

14   guilty of 10 RVRs (disciplinary violations) with no proof of guilt; that the guilty findings failed to

15   recognize his mental health condition resulting from paruresis (shy bladder syndrome); and that

16   the guilty findings resulted in a loss of various privileges, in violation of Plaintiff's rights under

17   the Americans with Disabilities Act, the *Coleman* case, the Eighth Amendment, and state

18   regulations.

19          The complaint was dismissed with leave to amend because *inter alia* (1) it was vague and

20   conclusory in that it failed to explain how the guilty findings violated any of the cited federal or

21   state laws and regulations; (2) the complaint did not link any defendant directly to any alleged

22   constitutional violation; (3) it was unclear if Plaintiff was denied any services because of his

23   alleged disability; (4) to the extent that Plaintiff named Warden Allen and Chief Deputy Warden

24   Binkele as defendants because they are supervisors, there is no supervisory liability under Section

25   1983; and (5) to the extent that Plaintiff has named as defendants individuals who reviewed or

26   denied his grievances, generally speaking, there is no liability under Section 1983 for a

27   correctional official's participation in the prison grievance process.  The Court instructed Plaintiff

28   that in preparing his amended complaint, he should identify what constitutional or federal right

United States District Court
Northern District of California

1  was violated, and identify by name the individual that violated that right; and that he should not

2  refer to the defendants as a group, i.e. "Defendants."

3  **C.      Amended Complaint**

4          The amended complaint appears to name the same defendants as were named in the initial

5  complaint: Warden T. Allen, Lt. Celaya, Chief Deputy Warden Binkele, M. Voong, H. Liu, and

6  CCII V. Lomeli.  Plaintiff's handwriting is difficult to decipher, but what can be deciphered is

7  even more conclusory and vague than the initial complaint.  The amended complaint states as

8  follows:

9          Plaintiff was denied & subjected to loss of liberty privileges rights by the named
         defendants.  When he was found guilty of not being able to provide urine for a [ . . .] urine
10        sample [ . . .] drugs & alcohol.  Plaintiff believes his state rights were violated California
         Constitution Article I, Section 15, Due Process Article I, Section 17, Cruel and Unusual
11        Punishment, U.S. Constitution [ . . .] Due Process 8th Cruel & Unusual Punishment, 14th
         Equal Protection, 4th Amendment Seizure. Plaintiff believes 1983 is appropriate.  These
12        defendants acted under color of state statute and regulations [ . . .] act was a vaiolation [ . .
         .] denies [ . . .] to 42 U.S.C. § 1983.  Defendants Warden T. Allen, Lt. Celaya, C.D.W.
13        Binkele, Captain H. Liu, M. Voong, and CCII  V. Lomeli by signature played a role in all
         the constitution, state & federal cited.

14
   Dkt. No. 15 at 1.
15
           The amended complaint suffers from the same deficiencies as the initial complaint.  The
16
   amended complaint is again vague and conclusory.  The amended complaint again fails to explain
17
   how the guilty finding(s) violated the cited federal and state constitutional provisions.  The
18
   amended complaint again fails to link any defendant directly to any alleged constitutional
19
   violation, and again does not explain what each individual defendant did, outside of signing an
20
   RVR, that caused the alleged constitutional violation.  And, as explained previously, a prison
21
   official's participation in the grievance process, i.e., by signing an RVR, generally does not
22
   constitute significant participation in an alleged constitutional violation sufficient to give rise to
23
   personal liability under Section 1983.
24
           The amended complaint fails to state a claim for relief because it offers only conclusory
25
   statements and references constitutional provisions, without providing factual enhancement
26
   sufficient to give fair notice of his legal claims and the facts upon which they are based.
27
   Accordingly, this case is DISMISSED without leave to amend because the amended complaint
28

United States District Court
Northern District of California

3

fails to state a cognizable claim for relief.  Further leave to amend will not be granted because the Court has explained to Plaintiff the specific deficiencies in his pleadings and Plaintiff has been unable to correct them.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may, in its discretion, deny leave to amend where there have been repeated failures to cure deficiencies by amendments previously allowed).

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES this action without leave to amend. The Clerk shall enter judgment in favor of Defendants and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated:   7/7/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California